UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AOYATEX CO., LTD., BAODING MI XIAOMEI TRADING CO., LTD., CHANGSHU JINGUANWANG CLOTHING CO., LTD., CHANGSHU YUN AO TEXTILES CO., LTD., DONGGUAN QIDE QUWAN TRADE CO., LTD., DONGGUAN WOODFIELD BABY PRODUCTS COMPANY LIMITED, FOSHAN CAIJIE TECHNOLOGY CO.,LTD, HANGZHOU D&D IMPORT AND EXPORT CO., LTD., HENAN RAINCOMING IMPORT AND EXPORT TRADING CO., LTD., JINHUA DARREN TRADING CO., LTD., JINHUA HAIRONG IMPORT AND EXPORT CO., LTD., MARKET UNION CO., LTD., NANJING UNICO INTERNATIONAL TRADE CO., LTD., NANTONG OPERA IMP.& EXP. CO., LTD., NINGBO CHAMPS IMPORT & EXPORT CO., LTD., NINGBO MIGU CULTURE MEDIA CO., LTD., NINGBO PINBANG TEXTILE CO., LTD., NINGBO YOUKI UNITE IMP& EXP CO., LTD., PEACEFUL (GUANGZHOU) IMPORT AND EXPORT CO., LTD., PINGYANG RUIQIANG HOME | **21 Civ. 5857 (JPC)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

APPLIANCES FACTORY, QUANZHOU SANYOU OUTDOOR PRODUCTS CO., LTD., SHANGHAI HOLLEY INTERNATIONAL TRADING CO., LTD., SHANGHAI KEDI TOYS CO., LTD., SHANGHAI SWANY TEXTILE INC., SHANGHAI ZHIZHI IMPORT AND EXPORT CO., LTD., SHANTOU DACHUANG ELECTRONIC COMMERCE CO., LTD., SHAOXING KEQIAO BOYI TRADING CO., LTD., SHENZHEN ANJIYOUPIN CO., LTD., SHENZHEN FEALINK TECHNOLOGY CO., LTD., SHENZHEN HAIZHEN JINYUAN TRADING LIMITED, SUZHOU LONGFINE TEXTILES TECHNOLOGY LTD., TONGLU MEILUN E-COMMERCE CO. , LTD., WENZHOU HAILIANYAN ELECTRONIC COMMERCE CO.,LTD., WUXI RUIMANTING INTERNATIONAL TRADE CO., LTD., XIAMEN NATRUAL PACKING INDUSTRIAL LTD, XIAMEN XIANGBINLI TRADE CO., LTD., YANGZHOU GUAN YUE HOUSEWARE CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YANGZHOU JINTUO ARTS-CRAFTS PRODUCTS CO., LTD., YANGZHOU LESHANG TOYS CO., LTD., YANGZHOU YURUI HOUSEHOLD PRODUCTS CO., LTD., YANGZHOU ZHONGXI PLUSH TOYS GIFT CO., LTD., YIWU MUCHUANG CRAFTS CO., LTD., YIWU NIULUO TRADE FIRM, YIWU QIXIAO COMMERCE CO., LTD. and YIWU ROEWE CRAFTS CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC |
| **Defendants** | Aoyatex Co., Ltd., Baoding Mi Xiaomei Trading Co., Ltd., Changshu Jinguanwang Clothing Co., Ltd., Changshu Yun Ao Textiles Co., Ltd., Dongguan Qide Quwan Trade Co., Ltd., Dongguan Woodfield Baby Products Company Limited, Foshan Caijie Technology Co.,Ltd, Hangzhou D&D Import And Export Co.,Ltd., Henan Raincoming Import And Export Trading Co., Ltd., Jinhua Darren Trading Co., Ltd., Jinhua Hairong Import And Export Co., Ltd., Market Union Co., Ltd., Nanjing Unico International Trade Co., Ltd., Nantong Opera Imp.& Exp. Co., Ltd., Ningbo Champs Import & Export Co., Ltd., Ningbo Migu Culture Media Co., Ltd., Ningbo Pinbang Textile Co., Ltd., Ningbo Youki Unite Imp& Exp Co., Ltd., Peaceful (guangzhou) Import And Export Co., Ltd., Pingyang Ruiqiang Home Appliances Factory, Quanzhou Sanyou Outdoor Products Co., Ltd., Shanghai Holley International Trading Co., Ltd., Shanghai Kedi Toys Co., Ltd., Shanghai Swany Textile Inc., Shanghai Zhizhi Import And Export Co., Ltd., Shantou Dachuang Electronic Commerce Co., Ltd., Shaoxing Keqiao Boyi Trading Co., Ltd., Shenzhen Anjiyoupin Co., Ltd., Shenzhen Fealink Technology Co., Ltd., Shenzhen Haizhen Jinyuan Trading Limited, Suzhou Longfine Textiles Technology Ltd., Tonglu Meilun E-Commerce Co. , Ltd., Wenzhou Hailianyan Electronic Commerce Co.,Ltd., Wuxi Ruimanting International Trade Co., Ltd., Xiamen Natrual Packing Industrial Ltd, Xiamen Xiangbinli Trade Co., Ltd., Yangzhou Guan Yue Houseware Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Jintuo Arts-Crafts Products Co., Ltd., Yangzhou Leshang Toys Co., Ltd., Yangzhou Yurui Household Products Co., Ltd., Yangzhou Zhongxi Plush Toys Gift Co., Ltd., Yiwu Muchuang Crafts Co., Ltd., Yiwu Niuluo Trade Firm, Yiwu Qixiao Commerce Co., Ltd. and Yiwu Roewe Crafts Co., Ltd. |
| **Jay At Play** | Jay At Play International Hong Kong Limited d/b/a Jay At Play |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |

| | |
|---|---|
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Happy Nappers Marks** | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 |
| **Happy Nappers Works** | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty |
| **Happy Nappers Products** | A pillow toy that expands into a sleep sack when unzipped |
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, |

| | |
|---|---|
| | their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), and PingPong Global Solutions, Inc. ("PingPong"), which have been identified as engaging in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

iii

WHERAS, Plaintiff having moved *ex parte* on July 8, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application, July 12, 2021 ("TRO") which ordered Defendants to appear on July 26, 2021 at 9:00 a.m. to show cause why a preliminary injunction should not issue ("July 26, 2021 Hearing");

WHEREAS, on July 20, 2021, Plaintiff filed a letter requesting to modify the TRO;

WHEREAS, on the same day, July 20, 2021, the Court issued an order granting Plaintiff's request, ordering Plaintiff to appear at the July 26, 2021 Hearing, and vacating the original briefing schedule in the TRO ("July 20, 2021 Order");

WHEREAS, on July 23, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the July 20, 2021 Order on each and every Defendant;

WHEREAS, on July 26, 2021 at 9:00 a.m., Plaintiff appeared at the July 26, 2021 Hearing, during which time the Court extended the TRO to August 9, 2021 and rescheduled the show cause hearing to August 9, 2021 at 9:00 a.m. ("Show Cause Hearing");

WHEREAS, on August 5, 2021, Plaintiff filed a letter requesting to modify the briefing schedule set forth at the July 26, 2021 Hearing and requesting an extension of time to serve Defendants with Plaintiff's proposed preliminary injunction order;

WHEREAS, on August 5, 2021, the Court entered an Order granting Plaintiff's request to modify the briefing schedule and serve Defendants with a copy of Plaintiff's proposed preliminary injunction order by August 5, 2021 ("August 5, 2021 Order").

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Marks and/or Happy Nappers Works;

      ii. directly or indirectly infringing in any manner Plaintiff's Happy Nappers Marks and/or Happy Nappers Works;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Marks and/or Happy Nappers Works, to identify any goods or services not authorized by Plaintiff;

      iv. using Plaintiff's Happy Nappers Marks and/or Happy Nappers Works or any other marks and/or artwork that are confusingly or substantially similar to the

      Happy Nappers Marks and/or Happy Nappers Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing,

promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) above and I(b)(i) through I(b)(ii) and I(c)(i) below.

b) Accordingly, Alibaba and the Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

   iii. knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) and I(b)(i) through I(b)(ii) above and I(c)(i) below.

c) Accordingly, Alibaba is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, Defendants' User Accounts and Defendants'

4

        Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

    ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii), I(b)(i) through I(b)(ii) and I(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation with respect to the Financial Institutions.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions

who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and

Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks or artwork that are confusingly or substantially

   similar to, identical to and constitute an infringement of the Happy Nappers Marks and/or Happy Nappers Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba pursuant to Paragraph V(C) of the TRO; or

b)  delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed

by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 9th day of August, 2021, at 10:00 a.m. New York, New York

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE