UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, | |
| Plaintiff, | No. 21 Civ. 5857 (JPC) |
| -v- | **DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |
| AOYATEX CO., LTD., BAODING MI XIAOMEI TRADING CO., LTD., CHANGSHU JINGUANWANG CLOTHING CO., LTD., CHANGSHU YUN AO TEXTILES CO., LTD., DONGGUAN QIDE QUWAN TRADE CO., LTD., DONGGUAN WOODFIELD BABY PRODUCTS COMPANY LIMITED, FOSHAN CAIJIE TECHNOLOGY CO.,LTD, HANGZHOU D&D IMPORT AND EXPORT CO., LTD., HENAN RAINCOMING IMPORT AND EXPORT TRADING CO., LTD., JINHUA DARREN TRADING CO., LTD., JINHUA HAIRONG IMPORT AND EXPORT CO., LTD., MARKET UNION CO., LTD., NANJING UNICO INTERNATIONAL TRADE CO., LTD., NANTONG OPERA IMP.& EXP. CO., LTD., NINGBO CHAMPS IMPORT & EXPORT CO., LTD., NINGBO MIGU CULTURE MEDIA CO., LTD., NINGBO PINBANG TEXTILE CO., LTD., NINGBO YOUKI UNITE IMP& EXP CO., LTD., PEACEFUL (GUANGZHOU) IMPORT AND EXPORT CO., LTD., PINGYANG RUIQIANG HOME APPLIANCES FACTORY, | |

QUANZHOU SANYOU OUTDOOR PRODUCTS CO., LTD., SHANGHAI HOLLEY INTERNATIONAL TRADING CO., LTD., SHANGHAI KEDI TOYS CO., LTD., SHANGHAI SWANY TEXTILE INC., SHANGHAI ZHIZHI IMPORT AND EXPORT CO., LTD., SHANTOU DACHUANG ELECTRONIC COMMERCE CO., LTD., SHAOXING KEQIAO BOYI TRADING CO., LTD., SHENZHEN ANJIYOUPIN CO., LTD., SHENZHEN FEALINK TECHNOLOGY CO., LTD., SHENZHEN HAIZHEN JINYUAN TRADING LIMITED, SUZHOU LONGFINE TEXTILES TECHNOLOGY LTD., TONGLU MEILUN E-COMMERCE CO. , LTD., WENZHOU HAILIANYAN ELECTRONIC COMMERCE CO.,LTD., WUXI RUIMANTING INTERNATIONAL TRADE CO., LTD., XIAMEN NATRUAL PACKING INDUSTRIAL LTD, XIAMEN XIANGBINLI TRADE CO., LTD., YANGZHOU GUAN YUE HOUSEWARE CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YANGZHOU JINTUO ARTS-CRAFTS PRODUCTS CO., LTD., YANGZHOU LESHANG TOYS CO., LTD., YANGZHOU YURUI HOUSEHOLD PRODUCTS CO., LTD., YANGZHOU ZHONGXI PLUSH TOYS GIFT CO., LTD., YIWU MUCHUANG CRAFTS CO., LTD., YIWU NIULUO TRADE FIRM, YIWU QIXIAO COMMERCE CO., LTD. and YIWU ROEWE CRAFTS CO., LTD.,

                Defendants.

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC | N/A |
| **Defendants** | Aoyatex Co., Ltd., Baoding Mi Xiaomei Trading Co., Ltd., Changshu Jinguanwang Clothing Co., Ltd., Changshu Yun Ao Textiles Co., Ltd., Dongguan Qide Quwan Trade Co., Ltd., Dongguan Woodfield Baby Products Company Limited, Foshan Caijie Technology Co.,Ltd, Hangzhou D&D Import And Export Co., Ltd., Henan Raincoming Import And Export Trading Co., Ltd., Jinhua Darren Trading Co., Ltd., Jinhua Hairong Import And Export Co., Ltd., Market Union Co., Ltd., Nanjing Unico International Trade Co., Ltd., Nantong Opera Imp.& Exp. Co., Ltd., Ningbo Champs Import & Export Co., Ltd., Ningbo Migu Culture Media Co., Ltd., Ningbo Pinbang Textile Co., Ltd., Ningbo Youki Unite Imp& Exp Co., Ltd., Peaceful (guangzhou) Import And Export Co., Ltd., Pingyang Ruiqiang Home Appliances Factory, Quanzhou Sanyou Outdoor Products Co., Ltd., Shanghai Holley International Trading Co., Ltd., Shanghai Kedi Toys Co., Ltd., Shanghai Swany Textile Inc., Shanghai Zhizhi Import And Export Co., Ltd., Shantou Dachuang Electronic Commerce Co., Ltd., Shaoxing Keqiao Boyi Trading Co., Ltd., Shenzhen Anjiyoupin Co., Ltd., Shenzhen Fealink Technology Co., Ltd., Shenzhen Haizhen Jinyuan Trading Limited, Suzhou Longfine Textiles Technology Ltd., Tonglu Meilun E-Commerce Co., Ltd., Wenzhou Hailianyan Electronic Commerce Co., Ltd., Wuxi Ruimanting International Trade Co., Ltd., Xiamen Natrual Packing Industrial Ltd, Xiamen Xiangbinli Trade Co., Ltd., Yangzhou Guan Yue Houseware Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Jintuo Arts-Crafts Products Co., Ltd., Yangzhou Leshang Toys Co., Ltd., Yangzhou Yurui Household Products Co., Ltd., Yangzhou Zhongxi Plush Toys Gift Co., Ltd., Yiwu Muchuang Crafts Co., Ltd., Yiwu Niuluo Trade Firm, Yiwu Qixiao Commerce Co., Ltd., and Yiwu Roewe Crafts Co., Ltd. | N/A |
| **Defaulting Defendants** | Changshu Jinguanwang Clothing Co., Ltd., Dongguan Qide Quwan Trade Co., Ltd., Dongguan Woodfield Baby Products Company Limited, Foshan Caijie Technology Co., Ltd, Hangzhou D&D Import And | N/A |

|  | | |
|---|---|---|
|  | Export Co., Ltd., Henan Raincoming Import And Export Trading Co., Ltd., Jinhua Darren Trading Co., Ltd., Jinhua Hairong Import And Export Co., Ltd., Market Union Co., Ltd., Nanjing Unico International Trade Co., Ltd., Nantong Opera Imp.& Exp. Co., Ltd., Ningbo Migu Culture Media Co., Ltd., Ningbo Pinbang Textile Co., Ltd., Ningbo Youki Unite Imp& Exp Co., Ltd., Peaceful (guangzhou) Import And Export Co., Ltd., Quanzhou Sanyou Outdoor Products Co., Ltd., Shanghai Holley International Trading Co., Ltd., Shanghai Kedi Toys Co., Ltd., Shanghai Swany Textile Inc., Shanghai Zhizhi Import And Export Co., Ltd., Shantou Dachuang Electronic Commerce Co., Ltd., Shaoxing Keqiao Boyi Trading Co., Ltd., Shenzhen Anjiyoupin Co., Ltd., Shenzhen Haizhen Jinyuan Trading Limited, Tonglu Meilun E-Commerce Co., Ltd., Wenzhou Hailianyan Electronic Commerce Co., Ltd., Wuxi Ruimanting International Trade Co., Ltd., Xiamen Natrual Packing Industrial Ltd, Yangzhou Guan Yue Houseware Co., Ltd., Yangzhou Home Ka Crafts Ltd., Yangzhou Jintuo Arts-Crafts Products Co., Ltd., Yangzhou Leshang Toys Co., Ltd., Yangzhou Yurui Household Products Co., Ltd., Yangzhou Zhongxi Plush Toys Gift Co., Ltd., Yiwu Muchuang Crafts Co., Ltd., Yiwu Niuluo Trade Firm, Yiwu Qixiao Commerce Co., Ltd., and Yiwu Roewe Crafts Co., Ltd. |  |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Complaint** | Plaintiff's Complaint filed on July 8, 2021 | Dkt. 6 |

| | | |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on July 12, 2021 | N/A |
| **PI Order** | August 9, 2021 Preliminary Injunction Order | Dkt. 23 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Happy Nappers Products** | A pillow toy which pulls open to a sack for sleeping. | N/A |
| **Happy Nappers Marks** | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 | N/A |
| **Happy Nappers Works** | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or | N/A |

| | | |
|---|---|---|
| | Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products | |
| **Defaulting Defendants' Assets** | Any and all money, securities or other property or assets of Defaulting Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defaulting Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defaulting Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defaulting Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defaulting Defendants' Frozen Assets** | Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on October 18, 2021 | Dkt. 34 |
| **Futterman Affidavit** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | Dkt. 35 |
| **Memorandum of Law** | Memorandum of Law in Support of Plaintiff's Motion for Default Judgment | Dkt. 36 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Happy Nappers Marks and/or Happy Nappers Works without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1] The Court, having considered the Memorandum of Law and Futterman Affidavit in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff on all claims pled against Defaulting Defendants in the Complaint.

## II. Damages Awards

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00 ("Defaulting Defendants'

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Collective Damages Award") against each of the thirty-eight Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c), plus post-judgment interest, for a total of $1,900,000.00.

### III. Permanent Injunction

(1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

- A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Happy Nappers Marks and/or Happy Nappers Marks and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Marks and/or Happy Nappers Works;

- B. directly or indirectly infringing in any manner Plaintiff's Happy Nappers Marks and/or Happy Nappers Works;

- C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Marks and/or Happy Nappers Works to identify any goods or services not authorized by Plaintiff;

- D. using Plaintiff's Happy Nappers Marks and/or Happy Nappers Works, or any other marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

(2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Happy Nappers Marks and/or Happy Nappers Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works pursuant to

15 U.S.C. § 1118.

(3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

### IV. Dissolution of Rule 62(a) Stay

IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Federal Rule of Civil Procedure 62(a) is hereby dissolved.

### V. Miscellaneous Relief

(1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property.

(2) The Court releases the five thousand U.S. dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165.

(3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 22nd day of November, 2021, at  3:45  p.m.

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE